UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

------------------------------------
**ELAINE L. CHAO**, Secretary of Labor,  :
United States Department of Labor,      :
                                        :
        Plaintiff                   :
                                        :
        v.                          :
                                        :
**AIRTRONICS GAGE & MACHINE COMPANY,** :
**AIR GAGE COMPANY, JEFFERY DANNER**    :
**and AIRTRONICS GAGE & MACHINE**       :
**COMPANY 401(K) PROFIT SHARING PLAN,** :
                                        :
        Defendants                  :
                                        :
------------------------------------

FILED: AUGUST 5, 2008
08CV4406
JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN

File No.   TC

## **COMPLAINT**

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

    1.    This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

    2.    This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3.  The Airtronics Gage & Machine Company 401(k) Profit Sharing Plan (the "Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4.  The Plan is named as a defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

5.  Venue of this action lies in the Northern District of Illinois pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan is administered in Elgin, Cook County, Illinois, within this district.

## DEFENDANTS

6.  At all relevant times, defendant Airtronics Gage & Machine Company (Airtronics), an Illinois corporation, was the sponsor of the Plan, the administrator of the Plan pursuant to §3(16)(A) of ERISA, 29 U.S.C. §1002(16)(A), a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and a party in interest to the Plan within the meaning of ERISA 3(14)(A) and (C), 29 U.S.C. 1002(14)(A) and (C).

7.  At all relevant times, defendant Air Gage Company (Air Gage), a Michigan corporation, was a participating employer in the Plan, a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and a party in interest to the Plan within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C).

8.  At all relevant times, defendant Jeffrey Danner was the controller for Airtronics and chief financial officer for Air Gage. Jeffrey Danner was a trustee and a fiduciary of the Plan within the meaning of ERISA §3(21)(A)(i), 29 U.S.C. §1002(21)(A)(i) and a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (H), 29 U.S.C. §1002(14)(A) and (H).

## COUNT ONE
### (Failure of Airtronics to remit employee contributions and participant loan repayments in a timely manner)

9. Paragraphs 1 through 8 above are realleged and incorporated herein by reference.

10. The Plan was established in 2000 by Airtronics, the plan sponsor, to provide benefits to its employees upon retirement, death or disability. The Plan was amended and restated in 2004.

11. During the relevant period, the Plan's governing documents, which were adopted by Airtronics, provided in pertinent part that participants could make pre-tax contributions to the Plan in an amount up to the dollar limit which is set by law. Such deferred amount would be contributed to the Plan and allocated to the participants' accounts. Additionally, the Plan's governing documents provided that participants in the Plan were able to take loans from their vested account balances.

12. Upon information and belief, during the period from January 31, 2001 through June 29, 2006, Airtronics withheld from its employees' pay pre-tax contributions and participant loan repayments to the Plan and failed to remit the amounts so withheld to the Plan's accounts in a timely manner. Airtronics retained in its own general assets the salary reduction contributions and participant loan repayments to the Plan withheld from employees' pay until they were remitted.

13. During the period January 31, 2001 through June 29, 2006, defendant Jeffery Danner caused Airtronics to retain the salary reduction contributions and participant loan repayments to the Plan withheld from the employees' pay and failed to ensure that the amounts withheld from employees' pay were deposited promptly in the Plan's accounts.

14. Upon information and belief, during the period July 6, 2007 through at least August 31, 2007, Airtronics withheld from employees' pay pre-tax contributions and participant loan repayments to the Plan and failed to remit the amounts so withheld to the Plan's accounts. Airtronics retained in its own general assets the salary reduction contributions and participant loan repayments to the Plan withheld from employees' pay.

15. During the period July 6, 2007 through August 31, 2007, defendant Jeffery Danner caused Airtronics to retain the salary reduction contributions and participant loan repayments to the Plan withheld from the employees' pay and failed to ensure that the amounts withheld from employees' pay were deposited promptly in the Plan's accounts.

16. By the conduct described in paragraphs 12 and 15 above, defendants Airtronics and Jeffery Danner:

    a. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    b. failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

    c. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D); and

        d.    dealt with assets of the Plan in their own interest or acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(1) and (2), 29 U.S.C. §1106(b)(1) and (2).

17.    Defendants Airtronics and Jeffery Danner violated ERISA §403(a) and (c)(1), 29 U.S.C. 1103(a) and (c)(1), which requires that all assets of an employee benefit plan shall be held in trust and shall never inure to the benefit of the employer.

## COUNT TWO
### (Failure of Air Gage to remit employee contributions and participant loan repayments in a timely manner)

18.    Paragraphs 1 through 8 and 11 above are realleged and incorporated herein by reference.

19.    Air Gage became a participating employer in the Plan in 2005, as such it could provide benefits to its employees upon retirement, death or disability.

20.    Upon information and belief, during the period from March 16, 2005 through March 21, 2007, Air Gage withheld from its employees' pay pre-tax contributions and participant loan repayments to the Plan and failed to remit the entire amounts so withheld to the Plan's accounts in a timely manner. Air Gage retained in its own general assets the salary reduction contributions and participant loan repayments to the Plan withheld from employees' pay until they were remitted.

21.    During the period March 16, 2005 through March 21, 2007, defendant Jeffery Danner caused Air Gage to retain the salary reduction contributions and participant loan

repayments to the Plan withheld from the employees' pay and failed to ensure that the amounts withheld from employees' pay were deposited promptly in the Plan's accounts.

22.     Upon information and belief, during the period from April 4, 2007 through at least July 25, 2007, Air Gage withheld from its employees' pay pre-tax contributions and participant loan repayments to the Plan and failed to remit the amounts so withheld to the Plan's accounts. Air Gage retained in its own general assets the salary reduction contributions and participant loan repayments to the Plan withheld from employees' pay.

23.     During the period April 4, 2007 through July 25, 2007, defendant Jeffery Danner caused Air Gage to retain the salary reduction contributions and participant loan repayments to the Plan withheld from the employees' pay and failed to ensure that the amounts withheld from employees' pay were deposited promptly in the Plan's accounts.

24.     By the conduct described in paragraphs 20 through 23 above, defendants Air Gage and Jeffery Danner:

    a.     failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    b.     failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B);

      c.      caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D); and

      d.      dealt with assets of the Plan in their own interest or acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(1) and (2), 29 U.S.C. §1106(b)(1) and (2).

25.    Defendants Air Gage and Jeffery Danner violated ERISA §403(a) and (c)(1), 29 U.S.C. 1103(a) and (c)(1), which requires that all assets of an employee benefit plan shall be held in trust and shall never inure to the benefit of the employer.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A.    Permanently enjoining defendants Airtronics, Air Gage and Jeffery Danner from violating the provisions of Title I of ERISA;

B.    Ordering defendants Airtronics, Air Gage and Jeffery Danner to make good to the Plan any losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

C.    Ordering defendants Airtronics, Air Gage and Jeffery Danner to correct the prohibited transactions in which they engaged;

D.    Removing defendant Jeffery Danner from his position as a fiduciary with respect to the Plan and appointing an independent fiduciary to administer the Plan;

E.    Permanently enjoining defendant Jeffery Danner from acting as a fiduciary or service provider to any ERISA-covered employee benefit plan;

F. Awarding the Secretary the costs of this action; and

G. Ordering such further relief as is appropriate and just.

**GREGORY F. JACOB**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

/s/ Christine Z. Heri
**CHRISTINE Z. HERI**
Senior Trial Attorney

P.O. Address:
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone: (312) 353-7836

Attorneys for Elaine L. Chao,
Secretary of Labor, United
States Department of Labor,
Plaintiff