

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

---

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff

v.

AIRTRONICS GAGE & MACHINE COMPANY,
AIR GAGE COMPANY, JEFFERY DANNER
and AIRTRONICS GAGE & MACHINE
COMPANY 401(K) PROFIT SHARING PLAN,

    Defendants

File No. 1:08-cv-4406

---

## CONSENT ORDER AND JUDGMENT

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, pursuant to the provisions of the Employee Retirement Income Security Act of 1974("ERISA"), as amended, 29 U.S.C. §§1001, et seq., filed a complaint against defendants Airtronics Gage & Machine Company, Air Gage Company, and Jeffery Danner alleging breaches of their fiduciary responsibilities under ERISA §§403(a) and (c)(1), 404(a)(1)(A) and (D), 406(a)(1)(D), 406(b)(1) and (2), and 412, 29 U.S.C. §§1103(a) and (c)(1), 1104 (a)(1)(A) and (D), 1106(a)(1)(D), 1106(b)(1) and (2), and 1112, with respect to the Airtronics Gage & Machine Company 401(k) Profit Sharing Plan ("Plan").

Defendants Airtronics Gage & Machine Company, Air Gage Company, Jeffery Danner and Airtronics Gage & Machine Company 401(k) Profit Sharing Plan have waived service of

process of the complaint and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

The plaintiff and defendants have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1.  Defendants Airtronics Gage & Machine Company, Air Gage Company and Jeffery Danner are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2.  Within ten (10) calendar days of the entry of the Consent Order and Judgment Defendants Airtronics Gage & Machine Company and Jeffery Danner shall pay $3,542.55 to the Plan, which represents the lost opportunity costs which accrued as a result of the untimely remittance of employee contributions and participant loan repayments to the Plan for employees of Airtronics Gage & Machine Company.  Upon receipt the Plan shall credit these monies to the investment accounts of any individuals who: (1) were employees of Airtronics Gage & Machine Company, (2) Plan participants during the period January 31, 2001 through February 29, 2008, (3) had voluntary employee contributions or participant loan repayments withheld from their pay

for contribution to the Plan during this period and such contributions were remitted to the plan in an untimely manner, (4) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Plan shall allocate the aforementioned money to the individual investment accounts of the Plan's participants in an amount equal to lost income owed to each participant. Defendants shall provide the Secretary with satisfactory proof of the payment.

3. Within ten (10) calendar days of the entry of the Consent Order and Judgment Defendants Air Gage Company and Jeffery Danner shall pay $10,382.13 to the Plan, which represents the lost opportunity costs which accrued as a result of the untimely remittance of employee contributions and participant loan repayments to the Plan for employees of Air Gage. Upon receipt the Plan shall credit these monies to the investment accounts of any individuals who: (1) were employees of Air Gage Company, (2) Plan participants during the period March 16, 2005 through February 20, 2008, (3) had voluntary employee contributions or participant loan repayments withheld from their pay for contribution to the Plan during this period and such contributions were remitted to the plan in an untimely manner, (4) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Plan shall allocate the aforementioned money to the individual investment accounts of the Plan's participants in an amount equal to lost income owed to each participant. Defendants shall provide the Secretary with satisfactory proof of the payment.

4. Within ten (10) calendar days of the entry of the Consent Order and Judgment Defendant Jeffery Danner shall pay $108.42 to the Plan, which represents the lost opportunity costs which accrued as a result of the untimely remittance of employee contributions and participant loan repayments to the Plan for employees of Reska Spline Products, Inc. Upon

receipt the Plan shall credit these monies to the investment accounts of any individuals who: (1) were employees of Reska Spline Products, Inc., (2) Plan participants during the period January 31, 2001 through February 29, 2008, (3) had voluntary employee contributions or participant loan repayments withheld from their pay for contribution to the Plan during this period and such contributions were remitted to the plan in an untimely manner, (4) who have not received a distribution of their full vested account balance as of the date of the entry of this Consent Order and Judgment. The Plan shall allocate the aforementioned money to the individual investment accounts of the Plan's participants in an amount equal to lost income owed to each participant. Defendants shall provide the Secretary with satisfactory proof of the payment.

5. Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

6. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

7.  Nothing in this Order is binding on any government agency other than the United States Department of Labor.

DATED _August 20_____, 2008

_____W. C._____
HONORABLE WAYNE R. ANDERSEN
UNITED STATES DISTRICT JUDGE


The parties hereby consent to the entry of this consent order and judgment:

FOR THE SECRETARY OF LABOR

GREGORY F. JACOB
Solicitor of Labor

JOAN E. GESTRIN
Regional Solicitor


/s/ Christine Z. Heri                    DATED:_____August 5, 2008_____
CHRISTINE Z. HERI
Senior Trial Attorney

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, 8th Floor
Chicago, Illinois 60604
312-353-7836